Western District.
September, 1830.

GUILBEAU'S
HEIRS,
vs.
CORNIER.

*GUILBEAU'S HEIRS vs. CORNIER.*

AGNES RODRIGUES—interpleader.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DIS-
TRICT, THE JUDGE OF THE SIXT PRESIDING.

When an inventory of the property of the wife is made before marriage, expressly stipulating that the property or goods brought into marriage, are to be considered as the *biens propres* of the wife, such property will be considered as *paraphernal* and not dotal.

The wife has the right, at any time, during marriage, to present her claim and recover the amount of her paraphernal property against her husband, and resume its administration.

The heirs of L. Guilbeau brought suit against Michel Cornier for settlement and restitution of her half of the community formerly existing between them in her life-time ; she being his first wife. Agnes Rodrigues, the second wife of Cornier, intervened and claimed the amount of property she brought into marriage as paraphernal, with mortgage on *all* her husband's property for its restitution.

This Court decided this case at its last term, and allowed a separation with the right in the wife to resume its administration as paraphernal. On the return of the case to the District Court, to ascertain the *amount* of her claim, she had judgment for $5,948 75, which she had a right to claim as paraphernal property. The heirs of the first wife resisted her right to claim it as *paraphernal,* contending it was only *dotal.* The only question now to be decided is, is it a *paraphernal* or *dotal* property. The determination of this question depends on the legal construction of the following clause in the inventory by which she brought it into marriage.

The inventory is declared in the marriage contract between the second wife of Cornier to have been made :

" *For the purpose of establishing before the celebration of her marriage, the property which she brings in, which said property mentioned in the aforesaid inventory, cannot be considered in any event, other than as property belonging to her individually, &c.*"

Western District.
*September,* 1830.

GUILBEAU'S
HEIRS,
*vs.*
CORNIER.

*Simon* for Plaintiffs. No express words are necessary to constitute or settle a *Dowry* on the wife; consequently the property in question is dotal. Under the new Civil Code there would be no difficulty. La. Code, Art. 2318, 2360.

2. The act in question is certainly a *marriage contract* and comes within Art. 5, Page 325, of the old Civil Code. As such it must be governed by articles 16, 17 and 18 on page 326 of that code. The expression *"biens propres,"* may mean *dotal* or *paraphernal,* or both. Old Code, 325, Art. 132. The Art. 1541, of the Napoleon Code is verbatim with article 17, page 317 of the old Civil Code, and by it the constitution *de dot* need not be express.

3. The property of the Interpleader is *dotal* and not *paraphernal,* and she cannot obtain a separation unless she prove her *dowry is in danger,* which she has failed to do.

*Brownson* for the Interpleader, *Rodrigues.* Contended that in order to constitute a dowry or dot, there must be express stipulation in the act constituting it. Civil Code, 324, Art. 12.

2. The inventory or act by which the Interpleader brought her property into marriage expressly states it to be hers individually. It is consequently *paraphernal.*

*Matthews J.* delivered the opinion of the Court. This cause was before the Supreme Court at its last term, and a judgment then rendered precludes the necessity of examining at this time, more than one question presented by the case now. See 8. Mar. N. S. 228.

The correctness of the decision from which the present appeal is taken, depends solely on a just interpretation of a contract entered into between the appellant and appellee previous to the celebration of their marriage. This act was preceded by an inventory of the intended wife's property, valued at 11,222 dollars, which is declared in the contract to have been made "à l'effet de constater avant la célébration de son marriage les biens qu'elle apporte lorsque lesdits

Western District.
*September*, 1830.

GUILBEAU'S
HEIRS,
*vs.*
CORNIER.

When an inventory of the property of the wife is made before marriage, expressly stipulating that the property or goods brought into marriage, are to be considered as the *biens propres* of the wife, such property will be considered as *paraphernal*, and not dotal.

The wife has the right, at any time during marriage, to present her claim and recover the amount of her paraphernal property against her husband, and resume its administration.

biens mentionnés au susdit inventaire ne pourront être considérés dans aucun cas que comme des biens propres à elle appartenant &c." According to this clause of the contract, the counsel for the appellant contends that the property shown by the inventory, or its appraised value was constituted as a dowry or dot, and that under all the circumstances of the case, the husband ought not to be deprived of its administration. It appears, however, to this court that the true meaning of the words used in this part of the act excludes all idea of a constitution of dowry. On the contrary, it is expressly stipulated that the property or goods thus brought into marriage are to be considered as the *"biens propres"* of the wife; and, according to our laws must be considered as paraphernal; and if they be such, then she according to the doctrine laid down in the judgment in this case referred to has a right to claim them or their value from her husband at any time during the marriage, to be by her administered.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs, &c.